UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CALEB CARTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:24-cv-00001 ) ) JUDGE RICHARDSON |
| SUMNER COUNTY, et al., | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Before the Court is Plaintiff Caleb Carter's pro se Amended Complaint against Sumner County and correctional officers McVay, Overkamp, and Knight. (Doc. No. 10.) Under the Prison Litigation Reform Act, the Court must dismiss the Amended Complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b). The Court applies the standard for Rule 12(b)(6), *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010), by viewing the complaint in the light most favorable to the plaintiff and taking all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). The Court then determines if the allegations "plausibly suggest an entitlement to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution

or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. Accordingly, the Amended Complaint must plausibly allege: (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

Here, Plaintiff alleges that officers McVay, Overkamp, and Knight were deliberately indifferent to his safety in violation of the Eighth Amendment. The Supreme Court has held that "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). An Eighth Amendment violation may occur when prison guards fail to protect one inmate from an attack by another inmate. *See Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990). "The Sixth Circuit has held that where an officer provides an opportunity for attack and does nothing or stands idly by while an attack takes place without intervening, he violates the attacked prisoner's constitutional rights." *Brazelton v. Coffee Cty.*, No. 4:17-cv-00036, 2018 WL 3999822, at *3 (E.D. Tenn. Aug. 21, 2018) (citing *Carico v. Benton, Ireland, and Stovall*, 68 F. App'x 632, 639 (6th Cir. 2003)); *see also Blake v. Israel Sexton, Sergeant, New York City Police Dep't*, No. 12 CIV. 7245 (ER), 2016 WL 1241525, at *5 (S.D.N.Y. Mar. 24, 2016) (allowing deliberate indifference claim to proceed "where defendants are alleged to have failed to intervene to stop an attack they have actually witnessed"). To plead this type of claim, an inmate must allege that the official was deliberately indifferent "to a substantial risk of serious harm" to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004). That is, Plaintiff must allege "that the [correctional officer Defendants] were "subjectively aware of the risk" to Plaintiff and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene*, 361 F.3d at 294 (quoting *Farmer*, 511 U.S. at

847).

Liberally construing the Complaint, Plaintiff alleges that he is in protective custody for mental illness; the correctional officer Defendants knew of Plaintiff's protective status and that there was a risk to Plaintiff from other inmates; the correctional officer Defendants "let another inmate out to attack [him]" in the recreation yard; the correctional officer Defendants "did nothing to even stop the incident"; and Plaintiff suffered physical injuries. (*See* Doc. No. 10). Presuming these allegations true, as the Court must at this initial stage, Plaintiff has plausibly alleged that Defendants McVay, Overcamp, and Knight were subjectively aware of a serious risk to Plaintiff and disregarded that risk by failing to prevent or intervene in the attack. This is sufficient to allow these claims to proceed for further development.

However, a municipality such as Sumner County cannot be held responsible for a constitutional deprivation under Section 1983 unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Thus, a plaintiff must specify the county policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010); *see also Bright v. Gallia Cnty., Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014) ("To establish municipal liability pursuant to § 1983, a plaintiff must allege an unconstitutional action that implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or a constitutional deprivation [ ] visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decision-making channels.") (internal quotations omitted). Here, Plaintiff does not allege that the correctional officer Defendants were acting pursuant to a custom or policy implemented or endorsed by Sumner County. Plaintiff therefore fails to state a colorable claim against Sumner

County.

For these reasons, the Court concludes that Plaintiff has stated a nonfrivolous Eighth Amendment claim against Defendants McVay, Overcamp, and Knight. Sumner County is **DISMISSED** from this action. The Court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude Defendants from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12. The Clerk is **INSTRUCTED** to send Plaintiff three service packets (blank summons and USM 285 form) for Defendants McVay, Overcamp, and Knight. Plaintiff **MUST** complete a service packet for each Defendant and return them to the Clerk's Office within **30 DAYS** of the date of this Order. Upon return of the completed service packet, **PROCESS SHALL ISSUE**.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. Because the Court granted Plaintiff's second application for pauper status (*see* Doc. No. 9), his first and third in forma pauperis applications (Doc. Nos. 2, 11) are **DENIED AS MOOT**.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE