# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| CALEB CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:24-cv-00001 |
| | ) | Judge Eli J. Richardson |
| F/N/U KNIGHT; F/N/U MCVAY; | ) | Mag. Judge Jeffery S. Frensley |
| F/N/U OVERKAMP | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

This matter is before the Court upon a Motion for Summary Judgment filed by Defendants Knight, McVay, and Overkamp. Docket No. 25. In support of this Motion, Defendants contemporaneously filed a Memorandum in Support of Defendants' Motion for Summary Judgment (Docket No. 26) and a Statement of Undisputed Material Facts (Docket No. 27). Plaintiff responded by filing a letter, which the Court will construe as a Response in Opposition. Docket No. 28. For the reasons discussed below, the undersigned finds that there are genuine issues of material fact, and that Defendants are not entitled to summary judgment as matter of law. Accordingly, the undersigned **RECOMMENDS** that Defendants' Motion for Summary Judgment (Docket No. 25) be **DENIED**.

## II. BACKGROUND

Pro se Plaintiff, Caleb Carter ("Mr. Carter"), was an inmate of Sumner County Jail from October 25, 2023, to August 2024, but currently resides at Robertson County Detention Facility. *See* Docket Nos. 23, 28. Mr. Carter filed this action against several named and unnamed Defendants alleging claims of deliberate indifference to his safety in violation of the Eighth Amendment. Docket No. 10, p. 2–3. Upon review under the Prison Litigation Reform Act ("PLRA") the Court found that the complaint failed to state claims under 42 U.S.C. § 1983 against the Sumner County Jail. Docket No. 9. On April 4, 2024, the Court issued a Memorandum Opinion and Order concluding that Mr. Carter's Eighth Amendment deliberate indifference to his safety claims against Officers Knight, McVay, and Overkamp in their individual capacities were nonfrivolous. Docket No. 12.

## III. UNDISPUTED FACTS[1]

Sumner County Jail has a grievance system available to inmates, like Mr. Carter, where inmates can submit grievances on an electric kiosk to Jail Administration for review. Docket No. 27, p. 1. Every inmate has access to these kiosks in his or her pod. *Id.* While Mr. Carter was housed at Sumner County Jail, he knew how to use and operated the kiosk. *Id.* at 2. Despite filing grievances before and after the incident, Mr. Carter never filed a grievance relating to the incident described in his Complaint (Docket No. 10). *Id.*

## IV. LAW AND ANALYSIS

### A. Motions for Summary Judgment

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

---

1 As further discussed below, because Mr. Carter did not respond to Defendants' Statement of Undisputed Facts (Docket No. 27) in accordance with Local Rule 56.01(e), these facts are undisputed.

show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

In order to prevail on a motion for summary judgment, the moving party has the initial burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 573, 587 (1986).

Fed R. Civ. P. 56 provides that the nonmoving party may not rest upon mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. However, if a nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23; *Williams v. Ford Motor Co.*, 187 F.3d 533, 537-38 (6th Cir. 1999).

### B. Exhaustion of Administrative Remedies

In the Supplemental Pleading to his pro se Amended Complaint (Docket No. 10), Mr. Carter explains that he was housed under protective custody due to his psychiatric diagnoses. Docket No.

3

Case 3:24-cv-00001   Document 30   Filed 06/18/25   Page 3 of 9 PageID #: 142

13, p. 1. On December 18, 2023, Mr. Carter alleges that Defendants were the correctional officers on duty when another inmate was released during his recreational time. Docket 10, p. 5. Mr. Carter claims that the inmate attacked him and Defendants "did nothing to stop the attack," resulting in injuries, including a "black eye, split forehead, mental anguish, [and] paranoia." *Id.* In their Answer, Defendants admit that Mr. Carter "was in a brief fight with other inmates on December 18, 2023" but dispute that they did nothing to prevent the incident. Docket No. 18, p. 1.

While Mr. Carter asserts that he filed a grievance concerning the facts relating to his complaint, Defendants filed copies of Mr. Carter's grievances from December 2023. Docket No. 25-1, p. 5. On December 13, 2023, Mr. Carter filed two grievances. *Id.* First, he complained that his legal mail was brought to him open and without an envelope or time stamp. *Id.* Second, he notified the administration that there appeared to be an infestation of water-dwelling parasites in the bathroom. *Id.* The administration responded to those grievances on December 15 and December 18, 2023, respectively. *Id.* The next grievance was submitted on December 29, 2023, and resolved the same day, when Mr. Carter asked for cleaning supplies. *Id.* As discussed, Mr. Carter had access to the kiosk in his pod and knew how to file a grievance at the kiosk, but these grievances failed to acknowledge the attack on Mr. Carter or the Defendants inaction. *Id.*; *see* Docket No. 27, pp. 1–2. In his Supplemental Pleadings, Mr. Carter repeatedly avers that he "exhausted the request system and grievance procedure" but received "absolutely zero results." Docket No. 13, p. 2–3.

In Mr. Carter's Response in Opposition, he contends that the grievance procedures were unavailable during the time frame because he "max[ed] out the amount [*sic*] of grievances." Docket No. 28, p. 1. He argues that the grievance policy is not available at any time, like Defendants proclaim, because an inmate may only have three pending grievances at a time, prompting him to "use other inmates' kiosk abilities" to submit additional grievances. *Id.* Furthermore, Mr. Carter

4

asserts that he was not sent to his pod after the incident; instead, he was "sent to the hole" where he had "no idea that there was a kiosk in [the] hole." *Id.* at 2. Defendants have not disputed this allegation.

Defendants argue that summary judgment should be granted because Mr. Carter "failed to exhaust his administrative remedies prior to filing suit." Docket No. 25, p. 3. The PLRA provides, in relevant part, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

"The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 520, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) (citing *Porter*, 534 U.S. at 524). Failure to exhaust administrative remedies is an affirmative defense that a defendant must plead and prove. *Id.* at 216.

Further, the exhaustion requirement "is a strong one," and subject to few exceptions. *Napier v. Laurel Cty.*, 636 F.3d 218, 222 (6th Cir. 2011). Even in an instance where "the state cannot grant the particular relief requested," or where a prisoner believes "the remedy is not available" or "the procedure to be ineffectual or futile," exhaustion is still required in order to further the purposes behind the PLRA. *Id.* (citations omitted). The Supreme Court has recognized three exceptions to exhausting administrative remedies:

> First, an administrative procedure is unavailable when it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use—*i.e.,* some mechanism exists to provide relief, but

5

> no ordinary prisoner can navigate it. And finally, a grievance process is rendered unavailable when prison administrators thwart inmates from taking advantage of it through machination, misrepresentation, or intimidation.

*Ross v. Blake*, 578 U.S. 632, 633, 136 S. Ct. 1850, 195 L. Ed. 2d 117 (2016).

To comply with § 1997e(a), an inmate must properly follow each step of the established grievance procedure that the facility provides to inmates and meet all deadlines within that procedure before filing his § 1983 action. *See Woodford v. Ngo*, 548 U.S. 81, 90-94, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006). An "untimely or otherwise procedurally defective administrative grievance" does not satisfy the PLRA's exhaustion requirement. *Id.* at 83-84.

Failure to exhaust administrative remedies is an affirmative defense that a defendant must raise and support with available evidence. *See Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012). At the summary judgment stage, there is a dispute of material fact when the plaintiff alleges that the defendant prevented him from filing a grievance. *Id.* at 457. In response, the defendant is responsible for producing and persuading the Court that the plaintiff exhausted his administrative remedies, typically disputing that the plaintiff was prevented from filing grievances. *Id.* at 458.

The Sumner County Jail Inmate Rulebook ("Rulebook") has a grievance policy available to inmates, like Mr. Carter, to redress issues relating to civil rights violations. Docket No. 25 p. 1. Inmates may submit grievances through a kiosk machine stationed in each pod, in which the jail administration will respond. Docket No. 25-1, p 1. These kiosks are available to inmates housed under protective custody. *Id.* However, per the Rulebook, inmates must file the grievance within "seven days (7) days to file a grievance from the date of incidence." *Id.* Regarding the maximum number of pending grievances, since Defendants have not replied to Plaintiff's Response in Opposition (Docket No. 28), Defendants have neither confirmed nor denied that a maximum exists.

6

Given that Defendants moved for summary judgment and submitted Defendants' Statement of Undisputed Material Facts ("SUMF") (Docket No. 27), Mr. Carter must comply with Local Rule 56.01. Local Rule 56.01 states:

> **(e) Response to Statement of Facts**. The respondent must also respond to the movant's statement of undisputed material facts in a separately filed response. The response must be docketed separately using the "Response to Statement of Facts" event in CM/ECF. 20
>
> **(1)** The response to the statement of undisputed material facts must contain individually numbered, concise, non-argumentative responses corresponding to each of the movant's numbered undisputed material facts by (A) agreeing that the fact is undisputed; (B) agreeing that the fact is undisputed for purposes of summary judgment only; or, (C) disputing the fact on any basis permitted by Fed. R. Civ. P. 56(c).
>
> **(2)** Each numbered response must start with "Undisputed," "Undisputed for Summary Judgment Purposes Only," or "Disputed".
>
> **(3)** If the respondent disputes a fact, the evidentiary citations supporting the respondent's position must be limited to evidence specific to that particular fact.
>
> **(4)** The respondent may state that a fact is not material, but stating that a fact is not material shall not excuse the respondent from stating whether the fact is disputed or undisputed.
>
> **(5)** Legal arguments, including as to materiality of any fact, must be made in the responding memorandum, not in the response to the statement of undisputed material facts.

M.D. Tenn. L.R. 56.01(e); *see also* Fed. R. Civ. P. 56(c).

While Mr. Carter objects to the SUMF in his Response in Opposition (Docket No. 28), he did not comply with the procedural requirements pursuant to Local Rule 56.01(e). He merely claims that he "object[s] to the statement of undisputed material facts." Docket No. 28, p. 1. Despite his status as a pro se litigant, Mr. Carter is not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Therefore, because Mr. Carter did

7

not provide dispute the facts line-by-line, the Court must consider the facts as undisputed for the purposes of summary judgment. M.D. Tenn. L.R. 56.01(g)–(h). By that standard, Mr. Carter does not dispute that Sumner County Jail has a grievance system that sends grievances to the administration for review. Docket No. 27, p. 1–2. While he was in his pod, he had access to a kiosk that he could use to submit grievances, which Mr. Carter utilized before and after the incident. *Id.* However, Mr. Carter never filed a grievance relating to his attack. *Id.* at 2.

The SUMF does not, however, assert that Mr. Carter was never denied access to the kiosk during his tenure at Sumner County Jail or that the administrative responses were followed by corrective actions. Docket No. 27. Mr. Carter claims that he did not have access to a kiosk during the seven-day period to file a timely grievance; and even if he did have access, he was prohibited from filing another grievance because he reached the maximum number of pending grievances. Docket No. 28, p. 1–2.

According to the grievances that Defendants filed with their motion, Mr. Carter did not submit a single grievance from December 13 to December 29, 2023, Docket No. 25-1, p. 5. Because the seven-day period was from December 18 to December 25, 2023, Defendants have not submitted any evidence to contradict Mr. Carter's response that the kiosks were unavailable to him during the grievance period. *Id.* Administration responded to his grievance relating to water-dwelling parasites on December 18, 2023, the day of the incident, which would have allowed Mr. Carter to submit a new grievance if his grievances were previously at capacity. *Id.* However, a reasonable jury may question whether an inmate who frequently grieves issues such that he reaches the maximum number allowed would fail to inform the administration of his attack if he were able to submit a grievance. Docket No. 28, p. 1.

There is a genuine dispute of fact over whether administrative remedies were available to Mr.

8

Carter after the incident because Mr. Carter disputes that the kiosks were available to him. *See Surles*, 678 F.3d at 457. A reasonable jury member could conclude that Mr. Carter was denied access to a kiosk during the seven-day period, thus preventing him from timely exhausting his administrative remedies. *See id; Ross* 578 U.S. at 633.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned finds that there is a genuine issue of material fact. Accordingly, the undersigned **RECOMMENDS** that Defendants' Motion for Summary Judgment (Docket No. 25) be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S. Ct. 899, 88 L. Ed. 2d 933 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**