IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CALEB CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:24-cv-00001 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| F/N/U KNIGHT; ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

Pending before the Court[1] is a report and recommendation (Doc. No. 30, "R&R") of the Magistrate Judge, which recommends that the Court dismiss Defendants'[2] motion for summary judgment (Doc. No. 25, "Motion"). No objections to the R&R have been filed[3] and the time for filing objections has now expired.

Absent any objection to the statement of facts (regarding the procedural history and underlying circumstances of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that statement in its entirety, and includes it here for reference.

> Pro se Plaintiff, Caleb Carter ("Mr. Carter"), was an inmate of Sumner County Jail from October 25, 2023, to August 2024, but currently resides at Robertson County Detention Facility. See Docket Nos. 23, 28. Mr. Carter filed this action against several named and unnamed Defendants alleging claims of deliberate indifference to his safety in violation of the Eighth Amendment. Docket No. 10, p.

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] The remaining Defendants—i.e., Defendants remaining after the Court's orders (Doc. Nos. 9 and 12) dismissing putative Defendants Sumner County Jail and Sumner County, respectively—are Defendants f/n/u Knight, f/n/u McVay, and f/n/u Overkamp.

3 This Court mailed a copy of the R&R to Plaintiff at his last known address. This was returned as undeliverable on July 1, 2025 and annotated with "not here, released 5/30/25". (Doc. No. 31).

2–3. Upon review under the Prison Litigation Reform Act ("PLRA") the Court found that the complaint failed to state claims under 42 U.S.C. § 1983 against the Sumner County Jail. Docket No. 9. On April 4, 2024, the Court issued a Memorandum Opinion and Order concluding that Mr. Carter's Eighth Amendment deliberate indifference to his safety claims against Officers Knight, McVay, and Overkamp in their individual capacities were nonfrivolous. Docket No. 12.

(Doc. No. 30 at 2). On April 3, 2024, Plaintiff filed an Amended Complaint (Doc. No. 10, "Complaint"), which (appropriately) omitted Sumner County Jail as a Defendant but kept the other four Defendants named in the Complaint—one of whom (Sumner County), was promptly dismissed in the Court's April 4, 2024 Memorandum Opinion and Order, as noted in a footnote herein (though not in the above-quoted statement from the R&R).

Also on April 3, 2025, Defendants filed the Motion, in which they asserted that they were entitled to summary judgment on the grounds that (according to Defendants) Plaintiff had not exhausted his administrative remedies as required, under the PLRA, for an inmate to file a lawsuit like the present one.[4] In the R&R, the Magistrate Judge concluded that there remained a genuine issue of material fact as it pertains to Defendants' Motion. Specifically, the Magistrate Judge concluded there is a genuine dispute of fact over whether administrative remedies were available to Plaintiff after the incident described above in the R&R because Plaintiff disputes that the Sumner County Jail kiosks, supposedly made available to inmates to submit grievances, were available to him. Further, the Magistrate reasoned that, under the facts given, a reasonable jury member could conclude that Mr. Carter was denied access to a kiosk, thus preventing (and excusing) Plaintiff from timely exhausting his administrative remedies. (Doc. No. 30 at 9).

Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For pro-se

---

[4] The Court declines to address herein whether any failure by Plaintiff to exhaust administrative remedies would be grounds for *summary judgment*, as opposed to *dismissal* (with or without prejudice).

plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail.[5]

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias; Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). It follows that when no objection is made, the report and recommendation can be summarily adopted by the district judge. Absent objection, a district court may adopt a report and recommendation without further review. *See, e.g., Cherry v. Frederick*, No. 5:23-CV-

---

[5] Of course, Plaintiff here would have no incentive to object to the R&R, as it is entirely favorable to him.

01164, 2025 WL 1637669, at *2 (N.D. Ohio June 10, 2025) (citing *Peretz v. United States*, 501 U.S. 923, 939 (1991) and *Thomas v. Arn*, 474 U.S. 140, 141–42 (1985)).

As noted above, the time for filing objections has expired, without any having been filed. Absent objection, the R&R (Doc. No. 30) is adopted and approved. Accordingly, Defendants' motion for summary judgment (Doc. No. 25) is **DENIED**.

The Court notes that the copy of the R&R sent by the Clerk's Office via U.S. mail has been returned to the Clerk's Office with the notation "NOT here/released 5/30/2025." (Doc. No. 31). Unfortunately, Plaintiff has not updated his address with the Clerk's Office. This (and the consequences of this) mean(s) not only that the Clerk's Office lacks the information it needs to send Plaintiff a copy of the R&R and this order, but also that Plaintiff is (or at least could become) in jeopardy of suffering dismissal of this action for failure to prosecute. Should Plaintiff see this order, he should take the foregoing admonition to heart and provide the Clerk's Office with his address before it is too late.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE