IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **CALEB CARTER,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 3:24-cv-0001** |
| | ) | |
| **v.** | ) | **Judge Richardson/Frensley** |
| | ) | **Jury Demand** |
| **SUMNER COUNTY JAIL, ET AL.** | ) | |
| **Defendants.** | ) | |

# REPORT AND RECOMMENDATION

## I. BACKGROUND

By Order dated April 2, 2024 (Docket No. 12), the Court referred this prisoner civil rights action to the magistrate judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Caleb Carter ("Plaintiff") was an inmate of Sumner County Jail from October 25, 2023, to August 2024. See Docket Nos. 23, 28. Mr. Carter filed this action against several named and unnamed Defendants alleging claims of deliberate indifference to his safety in violation of the Eighth Amendment. Docket No. 10, p. 2–3. Upon review under the Prison Litigation Reform Act ("PLRA") the Court found that the complaint failed to state claims under 42 U.S.C. § 1983 against the Sumner County Jail. Docket No. 9. On April 4, 2024, the Court issued a Memorandum Opinion and Order concluding that Mr. Carter's Eighth Amendment deliberate indifference to his safety claims against Officers Knight, McVay, and Overkamp in their individual capacities were nonfrivolous. Docket No. 12.

The Defendants filed a motion for summary judgment which was denied (Docket No. 32) and this matter was set for trial on April 13, 2027 (Docket No. 36). Thereafter, the Court ordered the Parties to file a joint status report identifying efforts taken to resolve this action prior to trial.

Docket No. 37. Copies of this Court's orders setting the matter for trial and regarding settlement were returned as undeliverable as to the Plaintiff. Docket Nos. 38 and 39. On August 5, 2025, the Defendants filed a status report indicating that because the Plaintiff had not updated his current address, it was impossible for the Defendants to comply with the Court's order and file a joint status report. Docket No. 40. On August 18, 2026, the defense filed a motion to dismiss for lack of prosecution based upon Plaintiff's failure to update his address with the Court as required by this Court's order and the Local Rules of Court. Docket No. 41. The Plaintiff has failed to respond to the Defendants' motion, has not updated his address, and has filed no pleadings with the Court since April 15, 2025. Docket No. 28.

## II. LAW AND ANALYSIS

### A. Legal Standard.

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a Plaintiff to prosecute the claim or comply with the Rules or any order of the Court. *Schafer v. City of Defiance Police Department*, 529 F. 3d 731, 736 (6th Cir. 2008)(*citing Knoll v. AT & T*, 176 F. 3d 359, 362-3 (6th Cir. 1999)); *Carpenter v. City of Flint*, 723 F. 3d 700, 704 (6th Cir. 2013)("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute."). Similarly, this Court's Local Rules provides that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed . . . without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." Local Rule 41.01(a)(dismissal for unreasonable delay. Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F. 3d at 736 (*quoting Knoll*, 176 F. 3d at 363).

The Court considers four factors in determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer v. City of Defiance Police Dep't*, 529 F. 3d 731, 737 (6th Cir. 2008). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The Court of Appeals for the Sixth Circuit has noted, however, that dismissal under Rule 41(b) is a "harsh sanction" and should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F. 2d at 161, *quoting Silas v. Sears, Roebuck & Co., Inc.*, 586 F. 2d 382, 385 (5th Cir. 1978).

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a Plaintiff fails to prosecute or to comply with an order of the Court. *See, Jourdan v. Jabe*, 951 F. 2d 108, 109 (6th Cir., 1991). "[W]hile pro se litigants may be granted some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F. 3d 413, 416 (6th Cir. 1996).

When a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more favorably than a party who is represented. *Id.* Additionally, Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of inaction or dilatoriness of the party seeking relief." *Link v. Wabash Railroad Co.*, 370 U. S. 626, 630 (1962).

This is not a case of a plaintiff simply filing documents past deadlines or filing inadequate briefs. *See Mulbah v. Detroit Bd. of Educ.*, 261 F. 3d 586, 593-94 (6th Cir. 2001) (finding that the district court abused its discretion by granting a motion to dismiss for failure to prosecute). Giving due consideration to each of the factors, the Court finds that dismissal for failure to prosecute is an appropriate and necessary sanction, as no alternative sanction "would protect the integrity of pre-trial procedures." *Carter v. City of Memphis*, 636 F. 2d 159, 161 (6th Cir. 1980).

**B. The Case at Bar**

The undersigned finds that dismissal under Rule 41(b) of the Federal Rules of Civil Procedure is appropriate because the four relevant factors, considered under the "relaxed" standard for dismissal without prejudice show a record of delay, refusal to advance the case and failure to comply with the Court's orders by the Plaintiffs.

**1. Bad Faith, Willfulness, or Fault**

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F. 3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F. 3d at 591(6th Cir 2001)). On August 18, 2026, the Defendants filed a morion to dismiss. The Plaintiff did not respond to the motion to dismiss. Although there is no indication that the Plaintiffs' failure to file a response to the defendants' motion to dismiss was driven by bad faith, they are still "at fault for failing to comply with the Court's Order[ ]." *Malott v. Haas*, 2017 WL 1319839, at *2 (E.D. Mich. Feb. 8, 2017), report and recommendation adopted by 2017 WL 1244991 (E.D. Mich. Apr. 5, 2017); *see id.* (finding that first factor weighed in favor of dismissal where plaintiff had failed to respond to the defendants' summary judgment motion, despite receiving additional time to do so, and had failed to respond to the court's show-cause orders).

Plaintiff's failure to respond to the motion to dismiss or comply with the requirement to keep his address current suggests he did not wish to pursue this action. This factor weighs in favor of dismissal.

**2. Prejudice**

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F. 3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.,* 110 F. 3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F. 3d at 739 (same). Such prejudice typically arises in the discovery context. *See*, *e.g., Harmon*, 110 F. 3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, 2013 WL 1729105, at *2 (W. D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F. 3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." 529 F. 3d at 740.

Here, there is no indication that the defendants wasted substantial time, money, or effort due to a lack of cooperation from Plaintiff. However, the Plaintiff's failure to take any steps to advance the litigation does prejudice the Defendants. All parties are entitled to a just and prompt

resolution of their cases. The failure to advance litigation, as the Plaintiff has here, prejudices the parties and reflects the type of situation where the Court should intervene. Thus, this factor weighs in favor of dismissal.

**3. Prior Notice**

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F. 3d at 740 (*quoting Stough*, 138 F. 3d at 615). The Plaintiff was advised of his obligation to exercise due diligence to take discovery and conduct reasonable investigations into this matter. Docket No. 21. He was further advised of the need to keep the clerk's office and opposing counsel apprised of his current address and that his failure to do so could jeopardize the prosecution of this action. *Id.* As a result, Plaintiff was on notice of the need for him to cooperate in the proceedings and update his address. He nonetheless failed to do so. This factor weighs in favor of dismissal.

**4. Appropriateness of Other Sanctions**

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n. 5; see also *Mulbah*, 261 F. 3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. See *Schafer*, 529 F. 3d at 737 (noting that courts apply the four-factor test "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal." *Id.* (quoting *Harmon*, 110 F. 3d at 367)).

This action was filed on January 2, 2024. Docket No. 1. The Plaintiff has not filed any pleadings in this matter or taken any action to advance this litigation since April 15, 2025. Docket

No. 28. Further, the most recent pleadings in this matter have all been returned to the Court as undeliverable and Plaintiff has taken no action to update his address with the Court. Docket Nos. 31, 34, 38 and 39.

The Court has considered the factors regarding dismissal for failure to prosecute and finds that they are all applicable in this case. The Plaintiff has taken no action to prosecute this case has not filed any pleadings with the Court since April 15, 2025 and has failed to keep the Court and opposing counsel apprised of his address.

For the reasons set forth herein, the undersigned recommends this action be **DISMISSED WITHOUT PREJUDICE** in accordance with Rule 41 of the Federal Rules of Civil Procedure and Local Rules of Court,[1] and the Defendants' motion to dismiss (Docket No. 41) be **DENIED AS MOOT.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen-day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed.