UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CALEB CARTER,<br><br>Plaintiff,<br><br>v.<br><br>F/N/U MCVAY, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. 3:24-cv-00001<br><br>JUDGE RICHARDSON |

**ORDER**

Pending before the Court[1] is the report and recommendation (Doc. No. 43, "R&R") of the Magistrate Judge, which recommends that this action be dismissed without prejudice pursuant to Rule 41(b)[2] for failure to prosecute and that Defendants' motion to dismiss (Doc. No. 41) be denied as moot. (Doc. No. 43 at 4, 7). No objections to the R&R have been filed, and the time for filing objections has now expired.[3]

[1] Herein, except in the quoted potions of the R&R wherein the Magistrate Judge refers to himself as "the Court," "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Although the R&R at times discusses its recommendation of dismissal in terms of both Federal Rule of Civil Procedure 41(b) *and* the Local Rules, the R&R's analysis (*see e.g.,* Doc. No. 43 at 4 ("The undersigned finds that dismissal under Rule 41(b) of the Federal Rules of Civil Procedure is appropriate")) makes clear that the R&R is recommending that the Court dismiss this action pursuant *solely* to Rule 41(b), and so the Court treats the R&R as recommending dismissal pursuant to solely Rule 41(b).

[3] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For *pro se* parties, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail. But even this extension does not help Plaintiff because the R&R was filed on September 15, 2026, and as of October 7, 2026, Plaintiff has not filed any objections.

Absent any objection to the factual and procedural background (regarding the underlying circumstances and procedural history of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that background in its entirety and includes it immediately below for reference:

> **I. BACKGROUND**
>
> By Order dated April 2, 2024 (Docket No. 12), the Court referred this prisoner civil rights action to the magistrate judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.
>
> Caleb Carter ("Plaintiff") was an inmate of Sumner County Jail from October 25, 2023, to August 2024. See Docket Nos. 23, 28. Mr. Carter filed this action against several named and unnamed Defendants alleging claims of deliberate indifference to his safety in violation of the Eighth Amendment. Docket No. 10, p. 2–3. Upon review under the Prison Litigation Reform Act ("PLRA") the Court found that the complaint failed to state claims under 42 U.S.C. § 1983 against the Sumner County Jail. Docket No. 9. On April 4, 2024, the Court issued a Memorandum Opinion and Order concluding that Mr. Carter's Eighth Amendment deliberate indifference to his safety claims against Officers Knight, McVay, and Overkamp in their individual capacities were nonfrivolous. Docket No. 12.
>
> The Defendants filed a motion for summary judgment which was denied (Docket No. 32) and this matter was set for trial on April 13, 2027 (Docket No. 36). Thereafter, the Court ordered the Parties to file a joint status report identifying efforts taken to resolve this action prior to trial. Docket No. 37. Copies of this Court's orders setting the matter for trial and regarding settlement were returned as undeliverable as to the Plaintiff. Docket Nos. 38 and 39. On August 5, 2025, the Defendants filed a status report indicating that because the Plaintiff had not updated his current address, it was impossible for the Defendants to comply with the Court's order and file a joint status report. Docket No. 40. On August 18, 2026, the defense filed a motion to dismiss for lack of prosecution based upon Plaintiff's failure to update his address with the Court as required by this Court's order and the Local Rules of Court. Docket No. 41. The Plaintiff has failed to respond to the Defendants' motion, has not updated his address, and has filed no pleadings with the Court since April 15, 2025. Docket No. 28.

(Doc. No. 43 at 1-2). The Magistrate Judge concluded that this action should be dismissed without prejudice pursuant to Rule 41(b) for failure to prosecute and that Defendants' motion to dismiss (Doc. No. 41) should be denied as moot. (Doc. No. 43 at 4, 7).

No party has filed objections to the R&R, and the time to file objections has passed, as explained in a footnote above. Notably, on October 5, 2026, the Clerk's Office received back in the mail its envelope containing the copy of the R&R that it had sent to Plaintiff. The envelope was marked, "Return to Sender, Not Deliverable as Addressed, Unable to Forward." (Doc. No. 44). Handwritten on the envelope was the notation, "Not here, released 2/24/26". (*Id.*). Although the Court does not rely on this post-R&R reported information (for multiple reasons), it does note that this reported information does not undermine confidence in the R&R's conclusions; quite the contrary.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-CV-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-CV-11851, 2019 WL 1242372, at * 1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*,

322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-00010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 43) is adopted and approved. Accordingly, this action is **DISMISSED** without prejudice pursuant to Rule 41(b) for failure to prosecute and Defendants' motion to dismiss (Doc. No. 41) is **DENIED** as moot. The Clerk of the Court is **DIRECTED** to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

Eli Richardson

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE